IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOHAMED MOHAMED MOHAMUD,   Case No. 3:15-cv-02102-KI

        Petitioner,   OPINION AND ORDER

   v.

RICHARD IVES, Warden, FCI Sheridan,

        Respondent.

**KING, Judge.**

    Petitioner, an inmate at the Federal Correctional Institution in Sheridan, Oregon, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.[1] Petitioner seeks the removal of a detainer issued by U.S. Immigration and Customs Enforcement (ICE) on the basis that it precludes him from participating in the Bureau of Prison's (BOP) Residential Drug and Alcohol Program (RDAP). Pet'r's Pet. for Writ of Habeas Corpus (ECF No. 1) at 2. Petitioner also contends that the detainer violates due process because he has been granted refugee status and cannot be deported back to Somalia. *Id.* Respondent moves the Court to dismiss this proceeding for lack of jurisdiction.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Clerk of the Court is directed to substitute Warden Richard Ives for Marion Feather as Respondent.

1 - OPINION AND ORDER

For the reasons set forth below, this Court denies Petitioner's Petition for Writ of Habeas Corpus and dismisses this proceeding, without prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

Petitioner is a citizen and native of Somalia. Pet'r's Pet. at 1; Decl. of Corey Heaton (ECF No. 12) at 2. On November 9, 2000, Petitioner was admitted to the United States as a refugee. *Id.* On November 18, 2013, Petitioner was convicted of conspiring and aiding and abetting to provide material support to terrorists or a foreign terrorist organization in violation of 18 U.S.C. §§ 2339A(a), 2339(B)(a)(1) and (2); and Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(a)(2)(A) and (h). Heaton Decl., Attach. 1 at 1. Petitioner was sentenced to 156-months incarceration. *Id.* at 2.

As a result of his convictions, Petitioner is subject to deportation pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). However, Petitioner has not participated in any immigration proceedings and he is not subject to a final order of deportation. *Id.* at 2-3. On September 9, 2014, ICE issued a detainer to the BOP, requesting that Petitioner be released to ICE's custody when his sentence is complete. Heaton Decl. at 2. Petitioner is scheduled to be released to ICE custody on February 27, 2022. *Id.* at 3.

## DISCUSSION

Pursuant to 28 U.S.C. § 2241(c)(1), this Court's habeas jurisdiction is limited to persons "in custody" at the time the petition is filed. An ICE detainer does not place an alien in ICE "custody" so as to support the exercise of habeas jurisdiction. *Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995); *Dang v. Short*, No. 3:15-cv-01870-MA, 2016 WL 1070811, at *2 (D. Or. Mar. 16, 2016), *appeal filed*, Mar. 16, 2016; *Tran v. Lund*, No. 1:16-cv-00459-MJS, 2016 WL 2756953, at *2 (E.D. Cal.

2 - OPINION AND ORDER

May 11, 2016); *Navarro v. Johnson*, No. 15-2317-SVW(E), 2016 WL 4435724, at *1 (C.D. Cal. Jan. 13, 2016). Accordingly, this Court lacks jurisdiction to consider the propriety of the detainer filed by ICE. Petitioner's reliance on *Chung Young Chew v. Boyd*, 309 F.2d 857, 865 (9th Cir. 1962), is misplaced because jurisdiction in that case was premised on the existence of *both* a detainer and a warrant. Indeed, the Ninth Circuit distinguished *Chung Young Chew* on that basis when it adopted the rule that a detainer alone does not suffice to place an alien in INS custody. *Garcia v. Taylor*, 40 F.3d 299, 303-04 (9th Cir. 1994) (*superseded by statute on other grounds*). Because Petitioner does not allege that ICE has issued a warrant in this case, *Chung Young Chew* has no relevance.

This Court also lacks jurisdiction to determine whether Petitioner maybe subject to deportation in the future because no final order of deportation has been issued. *See Viloria v. Lynch*, 808 F.3d 764, 767-68 (9th Cir. 2015) (judicial review under § 1252 is limited to final orders of deportation); *Martinez v. Mukasey*, 263 Fed. Appx. 648, 649 (9th Cir. 2008) (habeas court cannot consider challenge to possible future final order of removal that has not been issued) (citing 8 U.S.C. § 1252(a)(1)).

Finally, the fact that the detainer renders Petitioner unable to participate in RDAP and earn early release does not support the exercise of jurisdiction in this case. On the contrary, pursuant to 18 U.S.C. § 3625 this Court lacks jurisdiction to review a decision by the BOP concerning an individual prisoner's participation in RDAP, unless the decision is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. *Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011). Given the fact that Petitioner has not requested admission into

RDAP,[2] he cannot demonstrate that the BOP has made a decision regarding his participation that is contrary to federal law, violates the constitution, or exceeds its statutory authority. In this regard, the Court notes that the exclusion of aliens from participating in RDAP because of an ICE detainer does not violate the Due Process Clause. *Reeb*, 636 F.3d at 1228, n.4; *Dang*, 2016 WL 1070811, at * 4; *Tran*, 2016 WL 2756953, at *3; *Navarro*, 2016 WL 4435724, *2.

## **CONCLUSION**

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED and this proceeding is DISMISSED, without prejudice, for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this   8th   day of November, 2016.

　　　　　　　　　　　　　　　　　　　　　/s/ Garr M. King
　　　　　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] Decl. of Jennifer Vickers (ECF No. 13) at 2 and Attach. 2.